WILLIAM H. WILLIS, RESPONDENT, v WYLLYS CORPOR-
ATION, APPELLANT.

Submitted July 10, 1922—Decided November 20, 1922.

The written proposal of employment made by defendants to plaintiff
and accepted by him, *held*, to constitute a hiring by the year
without reference to the admissibility or otherwise of oral con-
versations respecting it.

On appeal from the Supreme Court.

For the appellant, *McDermott, Enright & Carpenter*.

For the respondent, *William D. Wolfskeil* and *Stamler &
Stamler*.

The opinion of the court was delivered by

PARKER, J.   Respondent was an employe of the appellant
corporation and was discharged from his employment for no
fault, and claiming that his term of employment was for the
year, brought this action for damages. The defendant claimed
that his employment was at will and that he could therefore
be discharged at any time.   This was the controlling issue
at the trial.   Plaintiff produced and put in evidence a letter
from the comptroller of defendant, whose authority was not
questioned, and relied on that letter and certain parol testi-
mony in support of it.   The letter is as follows:

"July 9, 1920.
*Mr. Wm. H. Willis, room 210, Dominion Savings Building,
London, Ontario, Canada:*
Dear Mr. Willis—Confirming the arrangements made with
you at our conference last Tuesday we engage your services
as Assistant Comptroller in Charge of Factory Accounting
with a salary at the rate of $7,500.00 per year, with the
understanding that if the connection proves satisfactory the

salary, beginning with January 1, 1921, will be at the rate of $9,000.00 per year.

In further confirmation of our arrangements it is understood that the company will pay the expenses of moving your household effects from Cleveland.

I hope that you managed to make your train and arrived home safely, and I am looking forward to seeing you next Monday, the 12th inst.

> Very truly yours,
> (Signed)   A. LUERY,
> *Comptroller.*"

It appeared in the evidence that plaintiff had been paid semi-monthly at the rate of $7,500 per year until December 31st, 1920, and thereafter at the rate of $9,000 per year, semi-monthly, until the end of February, 1921, when he was discharged. Plaintiff was also allowed to show by parol that the letter was in pursuance of an oral conversation in which, as he claimed, there was a definite proposition and agreement of hiring by the year. The trial court left it to the jury to say whether there was a yearly hiring or an indefinite hiring, *i. e.*, at will, and they found for the plaintiff. The alleged errors are, the admission of parol evidence as to the terms of the contract, the court's later refusal to strike it out, and refusal to nonsuit and to direct a verdict for defendant.

Our consideration of the case leads us to the conclusion that the letter alone, viewed as the entire contract, is properly to be construed as a hiring by the year.

There is great diversity of view in the different jurisdictions respecting this class of cases. The "English view," so called, tends to a construction establishing a contract for a definite term if this can be spelled out of the language used. The "American view," favored by most of the states, tends toward a holding that the hiring is at will unless the contrary be fairly plain. 26 *Cyc.* 973 *et seq.; Willis. Con.,* § 39. Our own cases seem to favor the English view.

In *Beach* v. *Mullin,* 34 *N. J. L.* 343, a stipulation for payment of wages monthly, without more, was held to indicate a monthly term, the court relying on English cases almost entirely.

In *Stanford* v. *Fisher Varnish Co.,* 43 *N. J. L.* 151, plaintiff was hired at $12 per week, and the court said the employment was by the week; the fact that later a resolution of the board of directors was passed providing that his salary "be increased $104 per annum, thus making his salary $14 instead of $12 per week," was held to indicate only a method of computation and not a change in the original contract of hiring except as to amount of pay.

In *Jones* v. *Manhattan Horse-Manure Co.,* 91 *N. J. L.* 406, the contract was construed by the Supreme Court as an annual hiring.

In *Lyons* v. *Pease Piano Co.,* in this court, 92 *N. J. L.* 592, a contract for "$50 per week salary and one per cent. commission on net sales over $60,000, salary to start with new year, all reports run from January 1st to December 31st," was construed as evidencing a hiring by the year.

In *Pfeil* v. *Christian Feigenspan, Inc.,* 97 *N. J. L.* 3, the Supreme Court, speaking through the Chief Justice, remarked: "So that if nothing else appeared in the findings of fact except the agreement to pay an annual salary, the law would justify the inference that the employment was by the year."

In the case at bar it is of some significanec that the defendant proposed to, and in fact did, pay for the transportation of plaintiff's household effects from Cleveland, Ohio, a circumstance looking toward some degree of permanency in the employment.

The trial court would have been justified in instructing the jury that the letter and plaintiff's acceptance of its terms established a hiring by the year. This being so, the refusal of a nonsuit and direction was proper, and the error, if any, in admitting testimony of conversations explanatory of and in addition to the writing was harmless.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF. JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.